# Ford, Appellant, v. Philadelphia Rapid Transit Company.

*Negligence—Street car—Horse-drawn vehicle—Collision—Contributory negligence—Non-suit.*

In an action of trespass to recover damages for personal injuries arising out of a collision between a horse-drawn vehicle and a street car at a street intersection, it appeared that the plaintiff saw the car when he was 150 feet from the intersection. The evidence disclosed that plaintiff drove towards the intersection at a trot and attempted to pass over the tracks ahead of the car which was in plain view and that the collision occurred the moment the head of the horse projected over the track.

Under such circumstances the plaintiff was guilty of contributory negligence and the Court properly entered a non-suit.

Argued November 16, 1927. Appeal No. 145, October T., 1927, by plaintiff from judgment of M. C. Philadelphia County, July T., 1925, No. 1320, in the case of Clarence Ford v. Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

158   FORD, Appellant, *v.* P. R. T. CO.

Trespass to recover damages for personal injuries. Before Knowles, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory non-suit which it subsequently refused to strike off. Plaintiff appealed.

*Errors assigned,* among others was the judgment of the court.

Lewis Wagner, for appellant.

W. Curtis Bok, for appellee.

Opinion by Henderson, J., December 15, 1927:

Plaintiff's action arose out of a collision between a horse attached to a wagon driven by the plaintiff and a trolley car moving eastwardly on Arch St. at the intersection of 21st St. The wagon contained about a ton of iron and the horse was moving northwardly when the contact occurred. The court granted a non-suit at the conclusion of the plaintiff's evidence because of the latter's contributory negligence. A perusal of the evidence satisfies us that the case was correctly disposed of. Giving the plaintiff the benefit of all evidence favorable to him, it appears that the trolley car had stopped at the west side of 21st St. to discharge or take on passengers and that when the plaintiff noticed the car he was about one hundred and fifty feet away from it. He drove on toward the track at a trot. When the horse was about four or five feet from the track the driver observed the car moving toward him and endeavored to stop the horse, with the result that some part of the front of the car caught the bridle and dragged the horse down, during which movement the plaintiff was thrown from the driver's seat to the pavement and received the injury of which he complains. It thus appears that when he

noticed the car moving toward him and before the horse was on the track the collision occurred. Nothing prevented the driver from seeing the movement of the car and it is clear that he attempted the crossing after he saw the car in motion. The obvious result of his management of the horse was to bring him in contact with the trolley as the horse's head projected over the south rail of the car track. Clearly, the collision occurred the moment the head of the horse was pro-. jected over the track as the car reached the easterly side of 21st St.

It is the duty of the plaintiff to show that the injury resulted solely from the negligence of the defendant but we are unable to read the evidence without concluding that the plaintiff was inattentive to the movement of the car and the position of his horse at the time when the danger of a collision was imminent. He took the chance of beating the car to the crossing. The manner in which the accident occurred as disclosed by the evidence clearly shows a disregard of the peril to which the plaintiff was about to expose himself. The non-suit was applied for at the close of the evidence for the plaintiff and after the court had asked the plaintiff's attorney whether there was other evidence to be offered with respect to the manner in which the accident occurred or with reference to the plaintiff's contributory negligence. On the facts as disclosed the court was not in error in entering the non-suit.

The judgment is affirmed.